**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDAL DIVISION**

**CASE NO. 0:26cv60479**

TERESA BRAUN, and all others
similarly situated under 29 U.S.C. 216(b)

Plaintiffs,

v.

ROLLINS RANCHES, LLC, a foreign
limited liability company,

Defendant.

______________________________________ /

**COLLECTIVE ACTION COMPLAINT**
**UNDER 29 U.S.C. 201- 216 FOR OVERTIME WAGE VIOLATIONS**

**COMPLAINT**

Plaintiff, TERESA BRAUN, and all others similarly situated under 29 U.S.C. §216(b), through undersigned counsel, files this Complaint against Defendant, ROLLINS RANCHES, LLC, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

**PARTIES**

2. Plaintiff TERESA BRAUN ("BRAUN") was employed by Defendant as a housekeeper at all material times of the instant dispute.
3. The Defendant ROLLINS RANCHES, LLC ("ROLLINS) is a foreign limited liability company that transacts business throughout the United States of America, including Broward County, Florida. (See www.rollinsranches.com). Defendant also maintains its registered agent in Broward County, Florida.
4. ROLLINS was the Fair Labor Standards Act employer for Plaintiff's respective period of employment.

5. The similarly situated individuals ("Class") who may become Plaintiffs in this action are Defendants non-exempt employees who have worked more than 40 hours during one or more work weeks within the last 3 years and did not receive overtime pay for all hours worked over 40 in one or more work weeks.

## VENUE AND JURISDICTION

6. This Honorable Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises out of the Fair Labor Standards Act, a federal statute.
7. This Honorable Court has personal jurisdiction because Defendant regularly conducts business in Broward County.
8. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because its contacts with this District are sufficient to subject them to personal jurisdiction.

## FACTUAL ALLEGATIONS

9. Defendant hired Plaintiff as a housekeeper and full-time employee in approximately 20015. Plaintiff will supplement her Complaint with the precise date once the parties have exchanged discovery.
10. Plaintiff worked continuously for Defendant as a housekeeper until approximately April 5, 2024.
11. Plaintiff, and all similarly situated employees, regularly worked in excess of 40 hours within a single work week on behalf of Defendant.
12. Plaintiff, and all similarly situated employees, were routinely scheduled for 50-hour work weeks in the off season, and for significantly more hours during peak season.
13. While working for Defendant, Plaintiff performed non-exempt duties as a housekeeper.

Specifically, Plaintiff's job duties included but were not limited to cleaning approximately 50 houses which are located on property, sweeping, mopping, disinfecting, taking out trash, cleaning all appliances, washing and changing linens etc. Plaintiff was also required to pick up all mail and packages at the start of her shift in her personal vehicle, then load them into a work vehicle, and then drive them to the main office. Plaintiff was also required to take all outbound mail and packages for outbound mail at the end of her shift.

14. Defendant improperly classified Plaintiff as a salaried employee for the initial period of her employment.

15. Defendant then reclassified Plaintiff as an hourly paid employee.

16. At the end of her 11 years of employment with Defendant, Plaintiff was paid $17.89 per hour.

17. Defendant never compensated Plaintiff or the Class at a correct overtime rate, even though they routinely worked more than 40 hours within a single work week.

18. This is not the first time that Defendant has been sued for failing to pay its employees in accordance with the Fair Labor Standards Act. More specifically, on June 14, 2017, Defendant was sued by its employee, Rachel Watson, who worked for Defendant as a dog trainer and clerical employee. Defendant settled this FLSA lawsuit on February 1, 2018. (See Case No. 17-cv-14193-RLR)

19. And this was not the second time that Defendant has been sued for failing to pay its employees in accordance with the Fair Labor Standards Act. More specifically, on June 14, 2017, Defendant was sued by its employee, Jake Colbert, who worked for Defendant as an electrician. Defendant settled this FLSA lawsuit on October 12, 2017. (See Case No. 17-cv-14227-JEM)

20. Nor is this the third time that Defendant has been sued for failing to pay its employees in accordance

with the Fair Labor Standards Act. More specifically, on December 29, 2020, Defendant was sued by its employee, Charles Cornelius who worked for Defendant as a construction worker and carpenter. Defendant vigorously litigated its position and lost the case after a 4-day jury trial on April 21, 2022. (See Case No. 20-cv- 14464-MARRA) Undeterred, Defendant appealed to the 11th Circuit Court of Appeals, who affirmed the jury's decision, and ruled against Defendant on March 15, 2024. See Case No. 22-12862 (11th Cir. 2024)

21. Based on the above, Defendant is well aware of its illegal pay practices. Defendant's conduct and pay practices are willful, intentional, and pursued in bad faith.

22. Defendant is a corporation that bills itself as being situated on 70,000 acres, "ranking as one of the largest cow-calf ranches in the United States by the National Cattlemen's Beef Association, as well as one of the biggest beef cattle organizations throughout the nation." (See www.rollinsranches.com)

23. Defendant employs persons such as Plaintiff and the Class to labor on its behalf for its business.

24. Defendant engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).

25. At all material times, Defendant directly or indirectly acted as an employer towards Plaintiff and the Class, including without limitation directly or indirectly controlling the terms of the Class and Plaintiff's employment.

26. At all material times hereto, Plaintiff and the Class performed duties for the benefit of and on behalf of Defendant.

27. This cause of action is brought to recover from Defendant, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff and the Class during the material time.

28. The records, if any, concerning the number of hours Plaintiff and the Class are in the

possession and custody of Defendant.

29. The records, if any, concerning the compensation Defendant paid Plaintiff and the Class are in the possession and custody of Defendant.

30. Defendants regularly employed two or more employees for the relevant time period (including Plaintiff and the Class) who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant an “enterprise” as that term is contemplated by the Fair Labor Standards Act.

31. Based on the nationwide scope of Defendant’s business, and the multiple FLSA lawsuits as set forth below, there is a reasonable belief that Defendants annual gross sales volume exceeded $500,000.00 per annum. Alternatively, Plaintiff and the Class worked in interstate commerce so as to fall within the protections of the Act. At all times, Defendant failed to comply with Title 29 U.S.C. §201 *et seq*. because they failed to pay compensation that Plaintiff and the Class were lawfully entitled to receive for performing services and labor for Defendant more than 40 hours within a work week.

32. Plaintiff has retained the law office of Consumer Law Organization, PA to represent her individually and incurred attorneys’ fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys’ fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

33. Plaintiff realleges and incorporates here by reference, all factual allegations above as if fully set forth herein.

34. Plaintiff and the Class are entitled to be paid time and one-half their regular rate of pay for each hour they worked in excess of 40 hours per work week.

35. Defendant knowingly and willfully failed to pay Plaintiff and the Class one- and one- half times their regular rate of pay for all hours they worked in excess of 40 hours per week.

36. Because of Defendant's intentional, willful, and unlawful acts, Plaintiff and the Class suffered monetary out-of-pocket damages and incurred costs and reasonable attorneys' fees.

37. Because of Defendant's willful violations, Plaintiff and the Class are entitled to liquidated damages.

**PLAINTIFF DEMANDS A JURY TRIAL**

WHEREFORE, Plaintiff and the Class demand judgment against Defendant for payment of compensation at one-half their regular rate of pay for the hours worked over 40 in a work week, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief. If liquidated judgment damages are not awarded, Plaintiff and the Class demand pre-judgment interest.

Dated: February 20, 2026.

Respectfully submitted,

CONSUMER LAW ORGANIZATION, P.A.
6231 PGA Blvd, Ste 104-1003
Palm Beach Gardens, FL 33418
Telephone: (561) 822-3446
Facsimile: (305) 574-0132
Primary: dennis@cloorg.com

By: *[/s/ J. Dennis Card, Jr.]*
J. DENNIS CARD, JR., ESQ.
Florida Bar No: 0487473